IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DAVID AUSTIN and <br> MARY JUNE AUSTIN <br><br> and <br><br> MORGAN HARRIS, Individually and as Administratrix of the Estate of Kimberly Renee Harris and as Next Friend of J.H. and J.H., Minor Children <br><br> VS. <br><br> SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, CASEY BARTLETT, and JOHNNY HAROLD HARRIS, JR. | § § § § § § § § § § § § § § § § § CIVIL ACTION NO. _____ <br><br> Removed from the County Court at Law, Kaufman County |

**DEFENDANTS' NOTICE OF REMOVAL**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, **SWIFT TRANSPORTATION CO. OF ARIZONA, LLC and CASEY A. BARTLETT** (collectively hereinafter referred to as "Defendants," and "Swift Transportation" or "Bartlett" separately), Defendants in the above matter, and files this Notice of Removal under 28 U.S.C. §§ 1441 and 1332(a).

**I.
BACKGROUND**

1. This lawsuit, and the claims asserted herein, arise from an incident that occurred on or about August 3, 2015, between a vehicle operated by Johnny Harold Harris, Jr. that was traveling eastbound on Highway 80 in Forney, Kaufman County, Texas, and a tractor-trailer that was not in motion, but had already been parked by Casey Bartlett, Jr. on the road's shoulder so that he could assist a separate vehicle operator that was undergoing an emergency. At the time

**DEFENDANTS' NOTICE OF REMOVAL  - Page 1**

Casey Bartlett, Jr. was operating said tractor-trailer, he was employed with Swift Transportation Co. of Arizona, LLC.  The vehicle operated by Johnny Harris, Jr. collided with the parked tractor-trailer, a result of which Johnny Harris, Jr.'s passenger, Kimberly Harris, was fatally injured.

2. On or about June 30, 2016, Plaintiffs David Austin and Mary Austin sued Swift Transportation Co. of Arizona, LLC, Casey A. Bartlett, and Johnny Harold Harris, Jr., in the County Court at Law, Kaufman County, Texas, Cause No. 95581-CC, alleging that the negligence and gross negligence of Defendants Swift Transportation Co. of Arizona, LLC, Casey A. Bartlett, and Johnny Harold Harris, Jr., caused them to sustain damages, arising from the death of Kimberly Renee Harris, Plaintiffs' daughter, who perished as a result of a collision between the vehicle operated by Johnny Harris, Jr. and the parked tractor-trailer.

2. On or about July 5, 2016, Intervenors Morgan Harris, Individually and as Administratrix of the Estate of Kimberly Renee Harris and as Next Friend of J.H. and J.H., Minor Children (collectively "Intervenors"), filed their Original Plea in Intervention, wherein they alleged causes of action against Swift Transportation, Bartlett, and Johnny Harris, Jr., and sought damages, arising from the death of the Intervenors' mother, Kimberly Renee Harris, who perished as a result of a collision between the vehicle operated by Johnny Harris, Jr. and the parked tractor-trailer.

3. On or about September 22, 2016, the Intervenors filed their First Amended Original Plea in Intervention against Swift Transportation, Bartlett, and Johnny Harold Harris, Jr., alleging additional causes of action against these parties as a result of the incident in question and the resulting death of their mother, Kimberly Harris.

4. Plaintiff Mary Austin filed her Release and Assignment of Wrongful Death and Survival Causes of Action to Morgan Harris, J.H. and J.H. on or about April 19, 2017.

5. Plaintiff David Austin filed his Release and Assignment of Wrongful Death and Survival Causes of Action to Morgan Harris, J.H. and J.H. on or about April 19, 2017.

6. Intervenors obtained a Final Judgment against Johnny Harris, Jr., against whom all claims and causes of action were released and dismissed on or about April 21, 2017, which is filed contemporaneously herewith. Defendant Swift Transportation has thus filed this Notice of Removal within the time period required from which complete diversity of citizenship first arose. 28 U.S.C. §1446(b).

7. Plaintiffs David Austin and Mary Austin are residents of Texas and domiciled in Dallas, Texas.

8. Defendant Swift Transportation is a limited liability company organized under the laws of Delaware, with its principal place of business in Arizona.

9. Defendant Casey Bartlett is currently a resident of Florida, and was a resident of Georgia when this suit originated.

10. Plaintiff's Original Petition, filed contemporaneously herewith, seeks "monetary relief over $1,000,000."

11. Intervenors' First Amended Plea in Intervention, filed contemporaneously herewith, seeks "monetary relief over $1,000,000."

## II.
## BASIS FOR REMOVAL

12. Removal is proper under 28 U.S.C. § 1332(a) because Plaintiff's suit is a civil action in which this Court has original jurisdiction over the parties, based upon diversity jurisdiction under 28 U.S.C. § 1332. This action is removable to this Court pursuant to the

provisions of 28 U.S.C. §1441(b) because Plaintiffs and Intervenors are citizens of the State of Texas, and Defendant Swift Transportation is considered a resident of Delaware, where it was organized as a limited liability company, and Arizona, its principal place of business. Defendant Casey A. Bartlett is currently a resident of Florida, but was a resident of Georgia when suit originated.

13. As the Court is certainly aware, for diversity purposes, a person is considered a citizen of the state where that person is domiciled. Plaintiffs and Intervenors are persons and domiciled in Texas. Defendant Casey A. Bartlett is a person and domiciled in Florida. If the person is an entity, the citizenship of a corporation is determined by its place of incorporation and its principal place of business. Swift Transportation's place of organization is Delaware and its principal place of business is Arizona.

14. Because the Plaintiffs/Intervenors and the remaining Defendants to this suit do not share citizenship in any state, removal is proper on diversity grounds. In this matter, the true interests of the Plaintiffs and Intervenors are similarly in opposition to Defendants Swift Transportation and Bartlett, and thus they should be so aligned for purposes of determining diversity of citizenship. *Aynesworth v. Beech Aircraft Corp.*, 604 F. Supp. 630, 633 (W.D.Tex. 1985). In other words, because all persons on one side of the controversy are citizens of different states than the persons on the other side of the controversy, complete diversity exists. *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968).

15. Defendants are now, and were at the time the removal process was initiated, diverse in citizenship from the Plaintiffs and Intervenors. 28 U.S.C. § 1332. Accordingly, because this notice of removal has been filed within thirty days after complete diversity first existed, upon the judgment and dismissal of Intervenors/Plaintiffs' claims against Johnny Harris,

Jr., this removal is proper and timely under 28 U.S.C. §1446(b). *Aynesworth*, 604 F. Supp. at 633.

16. Further, as set forth in Plaintiffs' Original Petition and the Intervenors' Original Plea in Intervention and First Amended Original Plea in Intervention, filed with these pleadings here today, the amount in controversy in this action exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand and No/100 Dollars ($75,000.00). Thus, the amount in controversy meets the threshold for removal.

17. The United States District Court for the Northern District of Texas, Dallas Division, embraces Kaufman County, Texas, the place where the state court action was filed and is pending. This statement is not meant as a waiver of any argument that venue is improper in the location in which the state court action was filed, but merely demonstrates the propriety of removing the action to this federal judicial district.

18. The live pleadings before the state court are solely those of Plaintiffs' Original Petition, Intervenors' First Amended Plea in Intervention, Defendant Swift Transportation's Original Answer, and Defendant Barlett's Original Answer. No other motions are pending before the state court. Extensive written discovery has been conducted by the parties.

19. All pleadings, process, orders, and other filings in the state court action are attached to this Notice, as required by 28 U.S.C. § 1446(a).

20. Defendant will promptly file a copy of this Notice with the clerk of the state court in which the action is pending.

### III.
### REQUEST FOR JURY TRIAL

21. Defendant hereby demands a trial by jury in accordance with the provisions of FED. R. CIV. P. 38.

WHEREFORE, PREMISES CONSIDERED, Swift Transportation Co. of Arizona, LLC and Casey A. Bartlett, as parties in diversity with the Plaintiffs and Intervenors, respectfully request that this action be immediately and entirely removed upon filing of this Notice of Removal to the United States District Court for the Northern District of Texas, Dallas Division, and for such other and further relief to which it may show themselves to be justly entitled in equity or law.

Respectfully submitted,

**FEE, SMITH, SHARP & VITULLO, L.L.P.**

*/s/Michael P. Sharp*

**MICHAEL P. SHARP**
State Bar No. 00788857
msharp@feesmith.com
**DANIEL K. KARP**
State Bar No. 24012937
dcarp@@feesmith.com
**JEFFREY A. STRAUSS**
State Bar No. 24041982
jstrauss@feesmith.com
Fee, Smith, Sharp & Vitullo, LLP
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
(972) 934-9100 Telephone
(972) 934-9200 Facsimile

**ATTORNEYS FOR DEFENDANTS
SWIFT TRANSPORTATION CO. OF
ARIZONA, LLC AND CASEY A. BARTLETT**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 4th day of May, 2017, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Northern District of Texas – Dallas Division, using the electronic case filing system of the Court. The electronic filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means as follows:

*Via Electronic Service*
Ted B. Lyon, Jr.
Ted B. Lyon & Associates, PC
18601 LBJ Frwy.
Mesquite, TX  75150


Houston M. Smith
Law Offices of Houston M. Smith, PC
210 E. Moore Ave.
Terrell, TX  75160

                                              */s/Michael P. Sharp*

                                              **MICHAEL P. SHARP**