IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID AUSTIN and | § | |
| MARY JUNE AUSTIN | § | |
| | § | |
| and | § | |
| | § | |
| MORGAN HARRIS, Individually and as | § | |
| Administratrix of the Estate of Kimberly | § | CIVIL ACTION NO. _____ |
| Renee Harris and as Next Friend of J.H. and | § | |
| J.H., Minor Children | § | JURY |
| | § | |
| VS. | § | |
| | § | |
| SWIFT TRANSPORTATION CO. OF | § | |
| ARIZONA, LLC, CASEY BARTLETT, | § | |
| and JOHNNY HAROLD HARRIS, JR. | § | |
| | § | |

## DEFENDANTS' INDEX OF FILINGS IN THE STATE COURT ACTION

**TO THE UNITED STATES DISTRICT CLERK:**

Pursuant to 28 U.S.C. § 1447(b), attached hereto are complete true and correct copies of all documents filed in the state court action, as follows:

1. Plaintiff's Original Petition – filed 6/30/2016

2. Civil Case Information Sheet – filed 6/30/2016

3. Correspondence as to Original Plea in Intervention – filed 7/5/2016

4. Original Plea in Intervention of Morgan Harris, Individually and as Administratrix of the Estate of Kimberly Renee Harris and as Next Friend of J.H. and J.H., Minor Children – filed 7/5/2016

5. Correspondence requesting copy of Plaintiffs' Original Petition – filed 7/5/2016

6. Plaintiff's Motion to Dismiss Defendant Johnny Harold Harris, Jr. Only Without Prejudice – filed 7/11/2016

7.   Correspondence as to proposed Order for Dismissal Without Prejudice as to Defendant Johnny Harold Harris, Jr. – filed 7/11/2016

8.   Order for Dismissal Without Prejudice – filed 7/11/2016

9.   Correspondence requesting issuance of citation upon Johnny Harold Harris, Jr. – filed 7/12/2016

10.  Defendant Johnny Harold Harris, Jr.'s Original Answer to Plaintiffs' Petition – filed 7/15/2016

11.  Defendant Johnny Harold Harris, Jr.'s Original Answer to Plea in Intervention – filed 7/15/2016

12.  Return of Citation upon Johnny Harold Harris, Jr. of Plea in Intervention – filed 7/12/2016

13.  Defendant Swift Transportation Co. of Arizona, LLC's Original Answer – filed 7/18/2016

14.  Return of Citation upon agent for Swift Transportation Co. of Arizona, LLC – filed 7/18/2016

15.  Return of Citation upon Casey A. Bartlett– filed 7/18/2016

16.  Defendant Casey A. Bartlett's Original Answer to Plaintiffs' Original Petition – filed 7/20/2016

17.  Motion to Appoint Guardian Ad Litem – filed 7/22/2016

18.  Correspondence as to Motion to Appoint Guardian Ad Litem – filed 7/22/2016

19.  Order Appointing Guardian Ad Litem – filed 7/22/2016

20.  Motion to Appoint Substitute Guardian Ad Litem – filed 7/25/2016

21.  Correspondence as to Motion to Appoint Substitute Guardian Ad Litem – filed 7/25/2016

22.  Order Appointing Substitute Guardian Ad Litem – filed 7/25/2016

23.  Defendants/Cross-Plaintiffs Swift Transportation Co. of Arizona, LLC and Casey A. Barlett's Original Joint Cross-Claim Against Johnny Harold Harris, Jr. – filed 8/22/2016

24.  Defendant Johnny Harris, Jr.'s Original Answer to Cross-Claim – filed 8/25/2016

25.     Defendant Johnny Harold Harris, Jr.'s Motion to Quash Defendant Swift Transportation Co. of Arizona's Notice of Intent to Take Oral Videotaped Deposition of Johnny Harold Harris, Jr. and Motion to Stay Discovery as to Johnny Harold Harris, Jr. – filed 9/12/2016

26.     Defendant Swift Transportation Co. of Arizona, LLC's Motion to Designate Responsible Third Party – filed 9/12/2016

27.     Order Granting Defendant Swift Transportation Co. of Arizona, LLC's Motion to Designate Responsible Third Party – filed 9/12/2016

28.     Defendant Swift Transportation Co. of Arizona, LLC's Notice of Hearing as to Defendant Johnny Harris, Jr.'s Motion to Quash Deposition Notice and Motion to Stay Discovery as to Johnny Harris, Jr. – filed 9/14/2016

29.     Correspondence as to re-set of Hearing as to Defendant Johnny Harris, Jr.'s Motion to Quash Deposition Notice and Motion to Stay Discovery as to Johnny Harris, Jr. – filed 9/14/2016

30.     Original Answer Filed by Guardian Ad Litem for the Children – filed 9/20/2016

31.     First Amended Original Plea in Intervention of Morgan Harris, Individually and as Administratrix of the Estate of Kimberly Renee Harris and as Next Friend of J.H. and J.H., Minor Children – filed 9/22/2016

32.     Motion to Enter Scheduling Order with Notice of Hearing – filed 9/22/2016

33.     Order of Johnny Harold Harris, Jr.'s Motion to Quash Defendant Swift Transportation Co. of Arizona's Notice of Intent to Take Oral Videotaped Deposition of Johnny Harold Harris, Jr. and Motion to Stay Discovery as to Johnny Harold Harris, Jr. Only – filed 11/2/2016

34.     Intervenor's Objections to Defendant Swift Transportation Co. of Arizona, LLC's Motion to Designate Responsible Third Party – filed 12/13/2016

35.     Notice of Appearance of Co-Counsel for Plaintiffs – filed 12/16/2016

36.     Correspondence as to scheduled vacation dates for counsel for Defendants Swift Transportation and Casey Bartlett – filed 12/27/2016

37.     Defendants/Cross-Plaintiffs' Notice of Partial Nonsuit as to Johnny Harold Harris, Jr. – filed 2/8/2017

38.    Order of Partial Nonsuit as to Defendants/Cross-Plaintiffs' claims against Johnny Harold Harris, Jr. – filed 2/8/2017

39.    Intervenor's Motion to Compel Discovery – filed 2/16/2017

40.    Agreed Confidentiality Order – filed 2/21/2017

41.    Correspondence with Notice of Hearing as to Prove-Up Hearing – filed 2/28/2017

42.    Correspondence requesting copy of Order of Partial Nonsuit – filed 4/11/2017

43.    Release and Assignment of Wrongful Death and Survival Causes of Action by David Austin – filed 4/19/2017

44.    Release and Assignment of Wrongful Death and Survival Causes of Action by Mary Austin – filed 4/19/2017

45.    Judgment as to Johnny Harris, Jr. – filed 4/21/2017

46.    State Court docket sheet – 5/4/2017

Respectfully submitted,

**FEE, SMITH, SHARP & VITULLO, L.L.P.**

*/s/Michael P. Sharp*

**MICHAEL P. SHARP**
State Bar No. 00788857
msharp@feesmith.com
**DANIEL K. KARP**
State Bar No. 24012937
dcarp@@feesmith.com
**JEFFREY A. STRAUSS**
State Bar No. 24041982
jstrauss@feesmith.com
Fee, Smith, Sharp & Vitullo, LLP
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
(972) 934-9100 Telephone
(972) 934-9200 Facsimile

**ATTORNEYS FOR DEFENDANTS
SWIFT TRANSPORTATION CO. OF
ARIZONA, LLC AND CASEY A. BARTLETT**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the 4th day of May, 2017, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Northern District of Texas – Dallas Division, using the electronic case filing system of the Court. The electronic filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means as follows:

***<u>Via Electronic Service</u>***
Ted B. Lyon, Jr.
Ted B. Lyon & Associates, PC
18601 LBJ Frwy.
Mesquite, TX  75150


Houston M. Smith
Law Offices of Houston M. Smith, PC
210 E. Moore Ave.
Terrell, TX  75160

*/s/Michael P. Sharp*

**MICHAEL P. SHARP**

Filed: 6/30/2016 10:00:20 AM
Rhonda Hughey,
District Clerk
Kaufman County, Texas

Denice Wade

**95581-CC**

CAUSE NO. _____

| | | |
|---|---|---|
| DAVID AUSTIN and MARY JUNE AUSTIN, | § | IN THE DISTRICT COURT |
| *Plaintiffs,* | § | |
| | § | Kaufman County - County Court at Law |
| v. | § | _____ JUDICIAL DISTRICT |
| | § | |
| SWIFT TRANSPORTATION CO. OF | § | |
| ARIZONA, LLC, | § | |
| CASEY A. BARTLETT, | § | |
| and JOHNNY HAROLD HARRIS, JR. | § | |
| *Defendants.* | § | KAUFMAN COUNTY, TEXAS |

**PLAINTIFFS' ORIGINAL PETITION**

**TO THE HONORABLE JUDGE OF SAID COURT:**

      **COME NOW** Plaintiffs DAVID AUSTIN and MARY JUNE AUSTIN, (collectively referred to as Plaintiffs) and for their cause of action against Defendants Casey A. Bartlett (hereinafter "BARTLETT") and Swift Transportation Co. of Arizona, LLC (hereinafter "SWIFT"), and Johnny Harold Harris, Jr. allege and state as follows:

**DISCOVERY CONTROL PLAN LEVEL**

1.     Plaintiffs intend for discovery to be conducted under Discovery Level 3.

**DAMAGES SOUGHT**

2.     Pursuant to Tex. R. Civ. P. 47(c)(5), Plaintiffs seek monetary relief over $1,000,000.00, which is within the jurisdictional limits of this Court.

**PARTIES AND SERVICE**

3.     Plaintiffs are the biological parents of their deceased child, KIMBERLY RENEE HARRIS ("Decedent"). Plaintiffs are both United States citizens residing in Dallas County, Texas.

**PLAINTIFFS' ORIGINAL PETITION   - Page 1**



4.     The last three digits of the social security number for Plaintiff DAVID AUSTIN are 856, and last three digits of his license are 327. The last three digits of the social security number for Plaintiff MARY JUNE AUSTIN are 145, and last three digits of her license are 933.

5.     Defendant SWIFT is a foreign limited liability company organized under the laws of Delaware with its principal place of business in Arizona. At all times mentioned herein, Defendant Swift was authorized to conduct and was conducting business in the state of Texas. **Defendant Swift may be served through its agent for service National Registered Agents, Inc. at 1999 Bryan Street, Suite 900, Dallas, TX 75201.**

6.     Defendant BARTLETT is a United States citizen residing in 23905 Flora Parke Boulevard, Fernandina, Florida 32034. Bartlett's date of birth is 7/9/1992 **He may be served with citation at 23905 Flora Parke Boulevard, Fernandina, Nassau County, Florida 32034, or wherever found.**

7.     Defendant JOHNNY HAROLD HARRIS, JR. is a United States citizen who was and is residing at 2109 Northridge, Forney, Kaufman County, Texas at the time of the collision, the subject of this lawsuit. **He may be served with citation at 2109 Northridge, Forney, Kaufman County, Texas 75126, or wherever found.**

8.     **Issuance of Citation on these Defendants is hereby requested.**

## WRONGFUL DEATH BENEFICIARIES

8.     Plaintiffs are beneficiaries entitled to bring this action pursuant to Texas Civil Practice and Remedies Code Sections 71.001 and 71.004. Plaintiffs are the biological parents of Decedent.

## JURISDICTION AND VENUE

9.     The subject matter in controversy exceeds the minimum jurisdictional limits of this court.

**PLAINTIFFS' ORIGINAL PETITION   - Page 2**



10.     This court has jurisdiction over the parties because the accident made the basis of this lawsuit occurred in Kaufman County, Texas.  Furthermore, Decedent, KIMBERLY HARRIS, was also a resident of Kaufman County, Texas when this cause of action arose.

11.     Defendant SWIFT does significant business within the State of Texas and has availed itself to the laws of the State of Texas.

12.     Defendant Johnny Harold Harris, Jr. is a resident of Kaufman County, Texas.

13.     Venue in Kaufman County, Texas is proper pursuant to Texas Civil Practice and Remedies Code §§ 15.001 and 15.002, since Defendant JOHNNY H. HARRIS, JR.  is a resident of Kaufman County, Texas, and because all or a substantial part of the events surrounding this lawsuit occurred within Kaufman County, Texas.

## FACTS

13.     On August 3, 2015, Defendant SWIFT employed Defendant BARTLETT as an operator of its tractor-trailer commercial vehicle.  On the aforementioned date, Defendant BARTLETT was within the course and scope of his employment when he was driving Defendant SWIFT'S commercial vehicle eastbound in Forney, Kaufman County, Texas.  Defendant BARTLETT made a decision to stop Defendant SWIFT'S tractor trailer on Highway 80 roadway.  At the time of the stop, the SWIFT trailer was not safely out of the main lanes of the roadway and dangerously protruded across the fog line and into the traffic lanes of Highway 80 east bound.

14.     JOHNNY HAROLD HARRIS, JR., decedent's husband, was operating a passenger vehicle which was traveling eastbound on Highway 80, in Forney, Kaufman County, Texas.  At the time, Decedent was a passenger within that vehicle.  JOHNNY HAROLD HARRIS, JR.'s vehicle collided with the rear trailer of the improperly parked SWIFT tractor-trailer.  JOHNNY HAROLD HARRIS, JR. was unable to see the portion of the SWIFT tractor-trailer that was

**PLAINTIFFS' ORIGINAL PETITION   - Page  3**



dangerously protruding into the traffic lanes of the highway.  Decedent died as a result of her injuries sustained within this collision.

### PLAINTIFFS' WRONGFUL DEATH CLAIMS AGAINST DEFENDANTS

15.     Plaintiffs are statutory beneficiaries of the decedent.  The Defendants are either persons or corporation. Defendants' wrongful acts, to be outlined in counts below, caused the death of the decedent. Decedent would have been entitled to bring an action for the injury if she had lived. The Decedent suffered fatal injuries.

### PLAINTIFFS' NEGLIGENCE CLAIMS AGAINST DEFENDANT BARTLETT

16.     Defendant Bartlett had a duty to exercise the degree of care that a reasonable and prudent driver would have exercised under the same or similar circumstances.  On the date in question, the Defendant breached that duty as follows:

      a. Operating the semi-truck in a careless, reckless and negligent manner, in violation of the Texas Transportation Code §545.401;
      b. Defendant failed to keep a proper lookout;
      c. Defendant allowed the rear of his tractor-trailer to protrude into the through lane of the highway into traffic;
      d. Defendant failed to pull over safely;
      e. Defendant failed to yield to oncoming traffic;
      f. Defendant was inattentive;
      g. Defendant failed to use hazard lights;
      h. Defendant failed to place any warning devices such as traffic cones or triangles;
      i. Defendant failed to provide a warning to other motorists that he was blocking part of the lane of traffic; and
      j. Defendant created a hazardous road condition.

### PLAINTIFFS' NEGLIGENCE PER SE CLAIMS AGAINST DEFENDANTS BARTLETT AND SWIFT

17.     At all times material to this lawsuit, Defendants BARTLETT and SWIFT are subject to the Federal Motor Carrier Safety Regulations and/or the Texas Motor Carrier Safety Regulations.  The regulations were promulgated to protect the class of persons of which the

**PLAINTIFFS' ORIGINAL PETITION  - Page  4**



Decedent belonged.  Further, the statutes are one for which tort liability may be imposed when violated.  Defendant Bartlett's violation of the statutes proximately caused the collision. Defendant Bartlett's violation of the statutes proximately caused the decedent's injuries and ultimately, her death.  The defendant violated the statutes without excuse.

## RESPONDEAT SUPERIOR – DEFENDANT SWIFT

18.     The above-described negligent acts and omissions of Defendant Bartlett were committed within the course and scope of his employment with Defendant Swift. The above-described negligent acts and omissions of Defendant Bartlett were committed while on duty and while driving the employer's vehicle in the performance of Defendant Bartlett's job.

19.     The above-described negligent acts and omissions of Defendant Bartlett were committed while furthering Defendant Swift's business and while operating an employer-owned vehicle.

20.     As Defendant Bartlett's employer, Defendant Swift is responsible for all of the negligent acts and omissions committed by Defendant Bartlett within the scope of his employment.

## NEGLIGENT ENTRUSTMENT – DEFENDANT SWIFT

21.     Defendant Swift hired Defendant Bartlett as a truck driver, and Defendant Swift had a duty to investigate Defendant Bartlett driving record and driving history. Defendant Swift was negligent in the following acts or omissions, among others:

PLAINTIFFS' ORIGINAL PETITION   - Page 5



    a.  Defendant Swift owned the truck and entrusted it to Defendant Bartlett;

    b.  Defendant Swift failed to properly investigate Defendant Bartlett's driving history and made insufficient efforts to investigate whether or not Defendant Bartlett was a safe, fit and competent driver;

    c.  Defendant Bartlett was an unlicensed, incompetent or reckless driver;

    d.  Defendant Swift knew or should have known that Defendant Bartlett was unlicensed, incompetent, or reckless;

    e.  Defendant Bartlett was negligent on the occasion in question; and

    f.  Defendant Bartlett's negligence proximately caused Decedent's injuries and death.

The negligence of Defendant Swift in entrusting the truck to Defendant Bartlett concurrently and proximately caused injury and death to the decedent.

### NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION AGAINST DEFENDANT SWIFT

22.    Defendant Swift hired Defendant Bartlett as a truck driver. The aforementioned acts described herein were committed within the scope of Defendant Bartlett's employment with Defendant Swift. Defendant Swift is responsible for those negligent acts performed within the scope of Defendant Bartlett's employment. Defendant Swift owed the plaintiff a legal duty to hire, supervise, train, or retain competent employees.

23.    Defendant Swift breached that duty in the following ways:

        a.  Defendant Swift knew or should have known that Defendant Bartlett was an unsafe, unfit, and/or incompetent driver.

        b.  Defendant Swift failed to inquire into Defendant Bartlett's qualifications;

        c.  Defendant Swift failed to inquire into Defendant Bartlett's criminal background;

        d.  Defendant Swift failed to inquire into Defendant Bartlett's driving history;

        e.  Defendant Swift failed to properly train Defendant Bartlett regarding procedures for stopping or parking the truck along a busy highway;

        f.  Defendant Swift failed to properly train Defendant Bartlett in the safe operation of motor vehicles;

        g.  Defendant Swift failed to properly supervise Defendant Bartlett to ensure that Defendant Bartlett was aware of and would follow proper procedures for stopping or parking along a busy highway;

        h.  Defendant Swift knew or should have known that by hiring Defendant Bartlett, his use of a truck could involve the risk of physical harm to others;



    i.     Defendant Bartlett was negligent; and

    j.     Defendant Bartlett's negligence caused injuries and death to the decedent.

## PLAINTIFFS' NEGLIGENCE CLAIMS AGAINST DEFENDANT JOHNNIE H. HARRIS, JR.

24.    Defendant Johnnie. H. Harris, Jr. had a duty to exercise the degree of care that a

reasonable and prudent driver would have exercised under the same or similar circumstances.

On the date in question, the Defendant breached that duty in the following ways:

    a.     Failed to keep a proper look out;
    b.     Failed to maintain a safe speed;
    c.     Failed to stay within his lane of travel;
    d.     Failed to observe his surroundings; and
    e.     Allowed his vehicle to come into violent contact with the Swift truck.

## PROXIMATE CAUSE

25.    Each and every, all and singular, of the foregoing acts and omissions, on the part

of the Defendants, taken separately and/or collectively, constitute a direct and proximate cause of

the injuries and damages set forth below.

    a.     Loss of parental consortium in the past, including damages to the parent-child relationship, including loss of care, comfort, solace, companionship, protection, services and/or parental love;
    b.     Loss of parental consortium in the future including damages to the parent-child relationship, including loss of care, comfort, solace, companionship, protection, services and/or parental love;
    c.     Mental anguish in the past; and
    d.     Mental anguish in the future.

26.    At the time of death, the Decedent was in reasonably good health with a normal

life expectancy.

27.    Because of all of the above and foregoing, Plaintiffs have suffered actual damages within

the jurisdictional limits of the Court for which damages Plaintiffs now bring suit. Plaintiffs seek

monetary relief over $1,000,000.00 or in the alternative, an amount deemed equitable by a jury.

**PLAINTIFFS' ORIGINAL PETITION - Page 7**



### PLAINTIFF'S REQUEST FOR DISCLOSURE TO DEFENDANT

28.     Pursuant to Rule 194.2 of the Texas Rules of Civil Procedure, Plaintiffs propound this Request for Disclosure to Defendant.  Defendant has 50 days from the date of service to provide all the information detailed in Rule 194.2 (a) through (k). This Request for Disclosure incorporates all requirements embodied in Rule 194.2 (a) through (k) as set forth fully herein for all purposes.

### DOCUMENTS TO BE USED

29.     Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives notice to Defendant of her intent to use all documents exchanged and produced between the parties (including, but not limited to, correspondence, pleadings, records and discovery responses) during the trial of this matter.

### EXEMPLARY DAMAGES

30.     The acts of the Defendants were grossly negligent when viewed objectively at the time of the occurrence and involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiffs and other motorists, as provided by Texas Civil Practice and Remedies Codes § 41.001 and 41.003.

### PRAYER

31.     WHEREFORE, PREMISES CONSIDERED, PLAINTIFFS, DAVID AUSTIN and MARY J. AUSTIN that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendants CASEY BARTLETT, JOHNNY HAROLD HARRIS, JR., and SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, jointly and severally, in an amount equal to the

**PLAINTIFFS' ORIGINAL PETITION - Page 8**



damages, past, present and future, they have suffered; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate; costs of court; and such other and further relief to which Plaintiffs may be entitled.

Respectfully submitted,

**TED B. LYON & ASSOCIATES, PC**
Town East Tower, Suite 525
18601 LBJ Freeway
Mesquite, Texas 75150
Phone (972) 279-6571
Fax    (972) 279-3021

**TED B. LYON, JR.**
State Bar No. 12741500
TBLyon@tedlyon.com

**ATTORNEY FOR PLAINTIFFS
DAVID and MARY JUNE AUSTIN**

THE STATE OF TEXAS
COUNTY OF KAUFMAN

I Rhonda Hughey, District Clerk of Kaufman County, Texas do hereby certify this is a true and correct copy filed in the records of the Kaufman County District Clerk's Office. Given under my hand and seal of said office on this _21 St_ day of_____ A P R I L _____, _2017_.
RHONDA HUGHEY, DISTRICT CLERK
Kaufman County, Texas

By:_____ DEPUTY



# CIVIL CASE INFORMATION SHEET

Filed: 6/30/2016 10:00:20 AM
Rhonda Hughey,
District Clerk
Kaufman County, Texas

Kaufman County - County Court at Law

**CAUSE NUMBER** *(FOR CLERK USE ONLY):* _____    **COURT** *(FOR CLERK USE ONLY):* _____

**STYLED** _____ Austin v. Swift, Harris and
Bartlett _____ (e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

Denice Wade

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| **Name:**<br>Ted B. Lyon, Jr. | **Email:**<br>TBLyon@tedlyon.com | **Plaintiff(s)/Petitioner(s):**<br>David Austin and<br>Mary June Austin | ☒Attorney for Plaintiff/Petitioner<br>☐*Pro Se* Plaintiff/Petitioner<br>☐Title V-D Agency<br>☐Other: _____ |
| **Address:**<br>18601 LBJ Freeway #525 | **Telephone:**<br>972-279-6571 | | Additional Parties in Child Support Case: |
| **City/State/Zip:**<br>Mesquite, TX 75150 | **Fax:**<br>972-279-3021 | **Defendant(s)/Respondent(s):**<br>Swift Transportation Co.,<br>LLC, Casey A. Bartlett and<br>Johnny Harold Harris Jr. | Custodial Parent:<br><br>Non-Custodial Parent: |
| **Signature:** | **State Bar No:**<br>12741500 | | Presumed Father: |
| | | [Attach additional page as necessary to list all parties] | |

**2. Indicate case type, or identify the most important issue in the case** *(select only 1):*

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☐Consumer/DTPA<br>☐Debt/Contract<br>☐Fraud/Misrepresentation<br>☐Other Debt/Contract:<br><br>*Foreclosure*<br>☐Home Equity—Expedited<br>☐Other Foreclosure<br>☐Franchise<br>☐Insurance<br>☐Landlord/Tenant<br>☐Non-Competition<br>☐Partnership<br>☐Other Contract: | ☐Assault/Battery<br>☐Construction<br>☐Defamation<br>*Malpractice*<br>☐Accounting<br>☐Legal<br>☐Medical<br>☐Other Professional<br>Liability:<br><br>☒Motor Vehicle Accident<br>☐Premises<br>*Product Liability*<br>☐Asbestos/Silica<br>☐Other Product Liability<br>List Product:<br><br>☐Other Injury or Damage: | ☐Eminent Domain/<br>Condemnation<br>☐Partition<br>☐Quiet Title<br>☐Trespass to Try Title<br>☐Other Property:<br>_____<br><br>**Related to Criminal Matters**<br>☐Expunction<br>☐Judgment Nisi<br>☐Non-Disclosure<br>☐Seizure/Forfeiture<br>☐Writ of Habeas Corpus—<br>Pre-indictment<br>☐Other: _____ | ☐Annulment<br>☐Declare Marriage Void<br>*Divorce*<br>☐With Children<br>☐No Children<br><br><br><br>**Other Family Law**<br>☐Enforce Foreign<br>Judgment<br>☐Habeas Corpus<br>☐Name Change<br>☐Protective Order<br>☐Removal of Disabilities<br>of Minority<br>☐Other: | ☐Enforcement<br>☐Modification—Custody<br>☐Modification—Other<br>**Title IV-D**<br>☐Enforcement/Modification<br>☐Paternity<br>☐Reciprocals (UIFSA)<br>☐Support Order<br><br>**Parent-Child Relationship**<br>☐Adoption/Adoption with<br>Termination<br>☐Child Protection<br>☐Child Support<br>☐Custody or Visitation<br>☐Gestational Parenting<br>☐Grandparent Access<br>☐Parentage/Paternity<br>☐Termination of Parental<br>Rights<br>☐Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐Discrimination<br>☐Retaliation<br>☐Termination<br>☐Workers' Compensation<br>☐Other Employment: | ☐Administrative Appeal<br>☐Antitrust/Unfair<br>Competition<br>☐Code Violations<br>☐Foreign Judgment<br>☐Intellectual Property | ☐Lawyer Discipline<br>☐Perpetuate Testimony<br>☐Securities/Stock<br>☐Tortious Interference<br>☐Other: | | |
| **Tax** | *Probate & Mental Health* | | | |
| ☐Tax Appraisal<br>☐Tax Delinquency<br>☐Other Tax | *Probate/Wills/Intestate Administration*<br>☐Dependent Administration<br>☐Independent Administration<br>☐Other Estate Proceedings | ☐Guardianship—Adult<br>☐Guardianship—Minor<br>☐Mental Health<br>☐Other: _____ | | |

**3. Indicate procedure or remedy, if applicable** *(may select more than 1):*

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court<br>☐Arbitration-related<br>☐Attachment<br>☐Bill of Review<br>☐Certiorari<br>☐Class Action | ☐Declaratory Judgment<br>☐Garnishment<br>☐Interpleader<br>☐License<br>☐Mandamus<br>☐Post-judgment | ☐Prejudgment Remedy<br>☐Protective Order<br>☐Receiver<br>☐Sequestration<br>☐Temporary Restraining Order/Injunction<br>☐Turnover |

**4. Indicate damages sought** *(do not select if it is a family law case):*
☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐Less than $100,000 and non-monetary relief
☐Over $100, 000 but not more than $200,000
☐Over $200,000 but not more than $1,000,000
☒Over $1,000,000

Rev 2/13



**LAW OFFICES OF
HOUSTON M. SMITH, P.C.**

Filed: 7/5/2016 11:06:49 AM
Rhonda Hughey,
District Clerk
Kaufman County, Texas

Rhonda Hughey

| | |
|---|---|
| 210 EAST MOORE | P. O. BOX 570678 |
| TERRELL, TEXAS 75160 | DALLAS, TEXAS 75357-0678 |
| Telephone (972) 524-1903 | Facsimile (972) 524-1992 |
| hms@houstonMsmith.com | |

July 5, 2016

**Via E-file**
Ms. Rhonda Hughey
Kaufman County District Clerk
Kaufman County Courthouse
100 W. Mulberry St.
Kaufman, Texas 75142

  **Re:** **Cause No. 95581-CC, David Austin and Mary June Austin vs. Swift
Transportation Co. of Arizona, LLC, Casey A. Bartlett and Johnny Harold
Harris, Jr., pending in the Kaufman County Court at Law**

Dear Ms. Hughey;

  Please find enclosed Original Plea in Intervention of Morgan Harris, Individually and as
Administratrix of the Estate of Kimberly Renee Harris and as Next Friend of J█████ H██ and
J███ H███, Minor Children.

  Please issue the following citations and return them to our office via e-serve:

1. Swift Transportation Company of Arizona, LLC
  c/o their agent for service, **National Registered Agents, Inc., 1999 Bryan Street,
  Suite 900, Dallas, Texas 75201 ;** and

2. Casey A. Bartlett, by personal service at **170 Hickory Lane, Covington, Georgia
  30016 or at any place he may be located.**

  If I can be of any additional assistance, please feel free to contact me.

       Sincerely,

       Cathy J. Adams,
       Litigation Paralegal

CJA/
Enclosure

cc:**Via E-serve**
  Mr. Ted Lyons
  Ted Lyons and Associates
  18601 LBJ Freeway
  Mesquite, Texas 75150

THE STATE OF TEXAS
COUNTY OF KAUFMAN

I Rhonda Hughey, District Clerk of Kaufman
County, Texas do hereby certify this is a true and
correct copy filed in the records of the Kaufman
County District Clerk's Office. Given under my
hand and seal of said office on this 21st day
of April, 2017.
RHONDA HUGHEY, DISTRICT CLERK
Kaufman County, Texas

By: _____ DEPUTY

Filed: 7/5/2016 11:03:33 AM
Rhonda Hughey,
District Clerk
Kaufman County, Texas

Rhonda Hughey

**CAUSE NO. 95581-CC**

| | |
|---|---|
| **DAVID AUSTIN and MARY JUNE AUSTIN**<br>*Plaintiffs,* § | **IN THE COUNTY** |
| **vs.** § | |
| **SWIFT TRANSPORTATION CO. OF**<br>**ARIZONA, LLC,**<br>**CASEY A. BARTLETT,** § | **COURT AT LAW** |
| **and JOHNNY HAROLD HARRIS, JR.**<br>*Defendants* § | |
| **and** § | |
| **MORGAN HARRIS, Individually and as**<br>**Administratrix of the Estate of Kimberly Renee**<br>**Harris and as Next Friend of** ███ **H**███<br>**and** ███ **H**███**, Minor Children**<br>*Intervenor.* § | **KAUFMAN COUNTY, TEXAS** |



<u>ORIGINAL PLEA IN INTERVENTION OF</u>
<u>MORGAN HARRIS, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE</u>
<u>OF KIMBERLY RENEE HARRIS AND AS NEXT FRIEND OF</u> ███ **H**███ <u>AND</u>
███ **H**███<u>, MINOR CHILDREN</u>

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, **MORGAN HARRIS, Individually and as Adminstratrix of the Estate**

**of Kimberly Renee Harris and as Next Friend of** ███ **H**███ **and** ███ **H**███**, Minor**

**Children,** (hereinafter collectively referred to as "Intervenor") and files her plea to intervene in the

current action complaining of and about **SWIFT TRANSPORTATION COMPANY OF**

**ARIZONA, LLC** (hereinafter " SWIFT"), **CASEY A. BARTLETT** (hereinafter "BARTLETT"),

and JOHNNY HAROLD HARRIS, JR. and as a party plaintiff would respectfully show unto the

Court the following:

---

ORIGINAL PLEA IN INTERVENTION                                                    **PAGE 1 of 10**



### DISCOVERY CONTROL PLAN LEVEL

1.      Intervenor agrees with Plaintiffs recommendation this case should be conducted under Discovery Level 3.

### DAMAGES SOUGHT

2.      Intervenor's also are seeking monetary relief that is in excess of $1,000,000.00.  As a result, this amount is within the jurisdictional limits of this Court.

### PARTIES

3.      Intervenor is a resident of Forney, Kaufman County, Texas.

4.      David Austin and Mary June Austin, hereinafter referred to as "Plaintiffs," are
        residents of Dallas County, Texas.

5.      Defendant, SWIFT is a foreign limited liability company organized under the laws of Delaware with its principal place of business in Arizona.  At all times mentioned herein, Defendant  SWIFT was authorized to conduct and was conducting business in the state of Texas. **Defendant SWIFT may be served through its agent for service, National Registered Agents, Inc. at 1999 Bryan Street, Suite 900, Dallas, Dallas County, Texas 75201.**

6.      Defendant BARTLETT is a United States citizen residing at 170 Hickory Lane, Covington, Georgia.  **He may be personally served with citation at 170 Hickory Lane, Covington, Georgia 30016.**

7.      Defendant JOHNNY H. HARRIS, JR. is a United States citizen who was and is residing at 2109 Northridge, Forney, Kaufman County, Texas at the time of the collision, the subject of this lawsuit.

8.      **Issuance of Citation on Defendants SWIFT and BARTLETT is hereby requested**

ORIGINAL PLEA IN INTERVENTION                                                    PAGE 2 of 10



at this time.

## INTERVENTION

9.    Intervenor has an interest in the matter in controversy since she is the adult child of Kimberly Renee Harris, the "Decedent" and suffered injury, pain and suffering, as a result of the actions of the Defendant. The Plaintiffs and Intervenor have the same or similar complaints against Defendants in causing their respective damages.

10.    Intervenor also brings this cause of action on behalf of the Estate of Kimberly Renee Harris, her mother, pursuant to the Texas Civil Practice and Remedies Code Section 71.021. The Kaufman County Probate Court has established the Estate of Kimberly Renee Harris. The Intervenor has been appointed the administratrix of this estate and furthers her deceased mother's survival interest through this lawsuit.

11.    Intervenor also brings this cause of action as next friend of her siblings, J███ H███ and J███ H███, the children of Decedent, Kimberly Renee Harris.  There are no other children born or adopted by Kimberly Renee Harris.

## SURVIVAL CAUSE OF ACTION

12.    Intervenor also brings this cause of action on behalf of the estate of her mother, Kimberly Renee Harris ("Decedent") who was a passenger in a truck that struck the rear of Defendant SWIFT'S tractor trailer truck. The Decedent died as a result of injuries she sustained as a result of the collision.   Such cause of action is for the pre-death conscious pain and suffering experienced by the Decedent prior to her untimely death and her fear of her impending death.

## VENUE AND JURISDICTION

ORIGINAL PLEA IN INTERVENTION                                                    PAGE 3 of 10



13.     Defendant JOHNNY HARRIS, Jr. was a resident of Forney, Kaufman County, Texas at the time of the collision.  Venue is proper in this Court and in this county pursuant to Texas Civil Practice and Remedies Code §15.002 (a) (2).   In addition to the foregoing venue facts, all or a substantial part of the events or omissions giving rise to the Intervenor's claims occurred in Kaufman County, Texas.

## FACTS

14.     On August 3, 2015, Defendant SWIFT employed Defendant BARTLETT as an operator of its tractor-trailer commercial vehicle.   On the aforementioned date, Defendant BARTLETT was within the course and scope of his employment when he was driving Defendant SWIFT'S commercial vehicle eastbound in Forney, Kaufman County, Texas.   Defendant BARTLETT made a decision to stop Defendant SWIFT'S tractor trailer on the shoulder of the Highway 80 roadway.  At the time of the stop, the SWIFT trailer was not completely on the shoulder of the roadway and the rear of the trailer dangerously protruded across the fog line and into the Highway 80 east bound lanes of traffic.

15.     Defendant JOHNNY H. HARRIS, JR.  was operating a passenger vehicle which was traveling eastbound on Highway 80, in Forney, Kaufman County, Texas.  At the time, Decedent was a passenger within that vehicle.  Defendant HARRIS' vehicle collided with the rear trailer of the improperly parked SWIFT tractor-trailer.  Defendant HARRIS failed to see the portion of the SWIFT tractor-trailer that was within the traffic lanes and collided with the rear of the SWIFT vehicle. Decedent died as a result of her injuries sustained within this collision.

## INTERVENOR'S NEGLIGENCE CLAIMS AGAINST DEFENDANT BARTLETT



16.    Defendant Bartlett had a duty to exercise the degree of care that a reasonable and prudent commercial driver would have exercised under the same or similar circumstances.  On the date in question, the Defendant breached that duty as follows:

    a. Operating the semi-truck in a careless, reckless and negligent manner, in violation of the Texas Transportation Code §545.401;
    b. Defendant failed to keep a proper lookout;
    c. Defendant allowed the rear of his tractor-trailer to protrude into the through lane of the highway into traffic;
    d. Defendant failed to pull over safely;
    e. Defendant failed to yield to oncoming traffic;
    f. Defendant was inattentive;
    g. Defendant failed to use hazard lights;
    h. Defendant failed to provide a warning to other motorists that he was blocking part of the lane of traffic; and

On the occasion in question, Defendant was negligent in the following acts or omissions, among others:

    a) Failed to provide adequate warning signs;
    b) Failed to provide gates or supervision at exit doors;
    c) Failed to provide trained and adequate number of security guards or school monitors to supervise the loading and unloading of the minor children;
    d) Failed to provide necessary and proper release procedures;
    e) Failed to train employees/guards in proper safety, security and protection procedures;
    f) Failed to provide any warning signs;
    g) Failed to provide safe distance between the exit door and the parking lot; and
    h) Failed to provide other safety measures to prevent automobile accidents in its parking lot.

Defendant created a hazardous road condition.

## INTERVENOR'S  NEGLIGENCE PER SE CLAIMS AGAINST DEFENDANTS BARTLETT AND SWIFT



17.     At all times material to this lawsuit, Defendants BARTLETT and SWIFT were subject to the Federal Motor Carrier Safety Regulations and/or the Texas Motor Carrier Safety Regulations. The regulations were promulgated to protect the class of persons of which the Decedent belonged. Further, the statutes are one for which tort liability may be imposed when violated. Defendant Bartlett's violation of the statutes proximately caused the collision. Defendant Bartlett's violation of the statutes proximately caused the decedent's injuries and ultimately, her death. The defendants failed to have the appropriate warning devices, pylons or flares in place at the time of the collision. The failure to have such warning devices violated the statutes without excuse.

Such acts of negligence, individually and collectively, proximately caused the injuries and death to the Decedent as set forth more particularly hereinafter. No negligence on the part of either the Plaintiffs or Intervenor contributed thereto.

## RESPONDEAT SUPERIOR – DEFENDANT SWIFT

18.     The above-described negligent acts and omissions of Defendant BARTLETT were committed within the course and scope of his employment with Defendant SWIFT. The above-described negligent acts and omissions of Defendant BARTLETT were committed while on duty and while driving the employer's vehicle in the performance of Defendant BARTLETT's job.

19.     The above-described negligent acts and omissions of Defendant BARTLETT were committed while furthering Defendant SWIFT's business and while operating an employer-owned vehicle.

20.     As Defendant BARTLETT's employer, Defendant SWIFT is responsible for all of the negligent acts and omissions committed by Defendant BARTLETT within the scope of his employment with Defendant SWIFT. The above-described negligent acts and omissions of Defendant



BARTLETT were committed while on duty and while driving the employer's vehicle in the performance of Defendant BARTLETT's job.

21.    The above-described negligent acts and omissions of Defendant Bartlett were committed while furthering Defendant Swift's business and while operating an employer-owned vehicle.

22.    As Defendant Bartlett's employer, Defendant Swift is responsible for all of the negligent acts and omissions committed by Defendant Bartlett within the scope of his employment.

## NEGLIGENT ENTRUSTMENT – DEFENDANT SWIFT

23.    Defendant Swift hired Defendant Bartlett as a truck driver, and Defendant Swift had a duty to investigate Defendant Bartlett driving record and driving history. Defendant Swift was negligent in the following acts or omissions, among others:

- a.    Defendant Swift owned the truck and entrusted it to Defendant Bartlett;
- b.    Defendant Swift failed to properly investigate Defendant Bartlett's driving history and made insufficient efforts to investigate whether or not Defendant Bartlett was a safe, fit and competent driver;
- c.    Defendant Bartlett was an incompetent and/or reckless driver;
- d.    Defendant Swift knew or should have known that Defendant Bartlett was incompetent, or reckless;
- e.    Defendant Bartlett was negligent on the occasion in question; and
- f.    Defendant Bartlett's negligence proximately caused Decedent's injuries and death.

The negligence of Defendant Swift in entrusting the truck to Defendant Bartlett concurrently and proximately caused injury and death to the decedent.

## NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION AGAINST DEFENDANT SWIFT

24.    Defendant Swift hired Defendant Bartlett as a truck driver. The aforementioned acts described herein were committed within the scope of Defendant Bartlett's employment with

---



Defendant Swift. Defendant Swift is responsible for those negligent acts performed within the

scope of Defendant Bartlett's employment. Defendant Swift owed the plaintiff a legal duty to hire,

supervise, train, or retain competent employees.

     25.   Defendant Swift breached that duty in the following ways:

    a.  Defendant Swift knew or should have known that Defendant Bartlett was an unsafe, unfit, and/or incompetent driver.
    b.  Defendant Swift failed to inquire into Defendant Bartlett's qualifications;
    c.  Defendant Swift failed to inquire into Defendant Bartlett's criminal background;
    d.  Defendant Swift failed to inquire into Defendant Bartlett's driving history;
    e.  Defendant Swift failed to properly train Defendant Bartlett regarding procedures for stopping or parking the truck along a busy highway;
    f.  Defendant Swift failed to properly train Defendant Bartlett in the safe operation of motor vehicles;
    g.  Defendant Swift failed to properly supervise Defendant Bartlett to ensure that Defendant Bartlett was aware of and would follow proper procedures for stopping or parking along a busy highway;
    h.  Defendant Swift knew or should have known that by hiring Defendant Bartlett, his use of a truck could involve the risk of physical harm to others;
    i.  Defendant Bartlett was negligent; and
    j.  Defendant Bartlett's negligence caused injuries and death to the decedent.

## PROXIMATE CAUSE

     26.   Each and every, all and singular, of the foregoing acts and omissions, on the part

of the Defendants, taken separately and/or collectively, constitute a direct and proximate cause of

the injuries and damages set forth below.

    a.  Loss of parental consortium in the past, including damages to the parent-child relationship, including loss of care, comfort, solace, companionship, protection, services and/or parental love;
    b.  Loss of parental consortium in the future including damages to the parent-child relationship, including loss of care, comfort, solace, companionship, protection, services and/or parental love;
    c.  Mental anguish in the past; and



d.      Mental anguish in the future.

27.    At the time of death, the Decedent was in reasonably good health with a normal life expectancy.

28.    Because of all of the above and foregoing, Intervenor has suffered actual damages within the jurisdictional limits of the Court for which damages Intervenor now bring suit. Intervenors seek monetary relief over $1,000,000 or in the alternative, an amount deemed equitable by a jury.

## EXEMPLARY DAMAGES

29.    The acts of the Defendants were grossly negligent when viewed objectively at the time of the occurrence and involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiffs and other motorists, as provided by Texas Civil Practice and Remedies Codes § 41.001 and 41.003.

## PRAYER

30.    **WHEREFORE, PREMISES CONSIDERED, INTERVENOR, MORGAN HARRIS, Individually and as Adminstratrix of the Estate of Kimberly Renee Harris and as Next Friend of J█████ H████ and J█████ H████ Minor Children** prays that upon a final hearing of the cause, judgment be entered for the Intervenor against Defendants **SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC and  CASEY BARTLETT,** in an amount equal to the damages, past, present and future, they have suffered; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate; costs of court; and such other and further relief to which Plaintiffs may be entitled.



Respectfully submitted,

**LAW OFFICES OF HOUSTON M. SMITH, P.C.**

210 East Moore Avenue
Terrell, Texas 75160
(972) 524-1903 Telephone
(972) 524-1992 Facsimile

By:     **/s/ Houston M. Smith**

**HOUSTON M. SMITH**
State Bar No:. 18605900
hms@houstonMsmith.com
**HEATHER A. LOTTMANN**
State Bar No.: 24095774

**ATTORNEYS FOR INTERVENOR**

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the above was served on the following attorneys of record for each party in accordance with the Texas Rules of Civil Procedure, 21(a) on this the 5th day July, 2016:

Mr. Ted Lyons
Ted Lyons and Associates
18601 LBJ Freeway
Mesquite, Texas 75150

**/s/ Houston M. Smith**
**HOUSTON M. SMITH**

THE STATE OF TEXAS
COUNTY OF KAUFMAN

I Rhonda Hughey, District Clerk of Kaufman County, Texas do hereby certify this is a true and correct copy filed in the records of the Kaufman County District Clerk's Office. Given under my hand and seal of said office on this 31ˢᵗ day of April, 2017.
RHONDA HUGHEY, DISTRICT CLERK
Kaufman County, Texas

By: _____ DEPUTY





**Fee, Smith, Sharp&Vitullo LLP**
Texas Trial Attorneys

877-FEESMITH  feesmith.com

Three Galleria Tower   13155 Noel Road   Suite 1000   Dallas, Texas 75240
P 972-934-9100  F 972-934-9200

Filed:  7/5/2016 10:02:15 AM
Rhonda Hughey,
District Clerk
Kaufman County, Texas

Denice Wade

1801 S MoPac Expressway   Suite 320   Austin, Texas 78746
P 512-479-8400  F 512-479-8402

*Michael P. Sharp*
*972-980-3255 Direct Dial*

*msharp@feesmith.com*

July 5, 2016

***Via Electronic Filing***
Clerk
Kaufman County Court at Law
100 W. Mulberry Street
Kaufman, TX  75142

> Re:   Cause No. 95581-CC; *David Ausin, Mary Austin v. Casey Barlett, et al*; In the
>        County Court at Law od Kaufman County, Texas
>        Our File No.: SWI.6801

Dear Clerk:

Please provide one copy of the Plaintiffs' Original Petition to the undersigned.  Thank
you for your courtesies in this matter.

Very truly yours,

*/s/ Michael P. Sharp*

Michael P. Sharp

MPS/pac

THE STATE OF TEXAS
COUNTY OF KAUFMAN
I Rhonda Hughey, District Clerk of Kaufman
County, Texas do hereby certify this is a true and
correct copy filed in the records of the Kaufman
County District Clerk's Office. Given under my
hand and seal of said office on this 21ˢᵗ day
of____April____,____2017____.
RHONDA HUGHEY, DISTRICT CLERK
Kaufman County, Texas
By:_____ DEPUTY



Filed: 7/11/2016 3:09:51 PM
Rhonda Hughey,
District Clerk
Kaufman County, Texas

Michelle Lopez

CAUSE NO. 95581-CC

| | | |
|---|---|---|
| DAVID AUSTIN and MARY JUNE AUSTIN, | § | IN THE COUNTY |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | |
| | § | |
| SWIFT TRANSPORTATION CO. OF | § | COURT AT LAW OF |
| ARIZONA, LLC, CASEY A. BARTLETT, | § | |
| and JOHNNY HAROLD HARRIS, JR. | § | |
| *Defendants.* | § | |
| And | § | |
| | § | |
| MORGAN HARRIS, Ind. and as Administratrix | § | |
| of the Estate of Kimberly Renee Harris and a/n/f | § | |
| of J████ H███ and J████ H███, Minor Children | § | |
| *Intervenor.* | § | KAUFMAN COUNTY, TEXAS |

### PLAINTIFF'S MOTION TO DISMISS DEFENDANT
### JOHNNY HAROLD HARRIS, JR. *ONLY* WITHOUT PREJUDICE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiffs, David Austin and Mary June Austin, in the above-entitled and

numbered cause of action, and files this written notice of non-suit and, in support thereof, would

respectfully show this Honorable Court as follows:

### Dismissal of Defendant Johnny Harris, Jr.

Plaintiffs ask this Court to sign an order of dismissal on all their claims against **ONLY**

**DEFENDANT JOHNNY HAROLD HARRIS, JR.** Plaintiffs no longer wish to pursue a claim

against Defendant Johnny Harold Harris, Jr., ONLY, without prejudice.

### PRAYER

For these reasons, Plaintiff requests that this Court sign an order acknowledging Plaintiff's non-

suit as to Defendant Johnny Harold Harris, Jr., *only*, **without prejudice**.

---

**MOTION FOR DISMISSAL OF DEFENDANT JOHNNY HAROLD HARRIS, JR. ONLY – Page 1**



Respectfully submitted,

**TED B. LYON & ASSOCIATES, PC**
Town East Tower, Suite 525
18601 LBJ Freeway
Mesquite, Texas 75150
Phone (972) 279-6571
Fax    (972) 279-3021

**TED B. LYON, JR.**
State Bar No. 12741500
TBLyon@tedlyon.com

**ATTORNEY FOR PLAINTIFFS**
**DAVID and MARY JUNE AUSTIN**

### CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing document was duly served pursuant to the *Texas Rules of Civil Procedure* via facsimile and electronic mail on the following counsel of record on this ___11th___ day of July, 2016.

Jenny Parks
Attorney for Johnny Harold Harris, Jr.
P.O. Box 886
Crandall, Texas 75114
lasthonestlawyer@aol.com

Houston M. Smith
Law Offices of Houston M. Smith, P.C.
210 East Moore
Terrell, Texas 75160
hms@houstonMsmith.com

THE STATE OF TEXAS
COUNTY OF KAUFMAN
I Rhonda Hughey, District Clerk of Kaufman County, Texas do hereby certify this is a true and correct copy filed in the records of the Kaufman County District Clerk's Office. Given under my hand and seal of said office on this 21st day of ___April___, 2017
RHONDA HUGHEY, DISTRICT CLERK
Kaufman County, Texas
By:_____ DEPUTY

TED B. LYON, JR.

Filed:  7/11/2016 3:51:22 PM
Rhonda Hughey,
District Clerk
Kaufman County, Texas

Denice Wade

THE LAW OFFICES OF

# TED B. LYON & ASSOCIATES, P.C.

TOWN EAST TOWER - SUITE 525, 18601 LBJ FREEWAY
MESQUITE, TEXAS 75150-5632
TEL (972) 279-6571      FAX (972) 279-3021

**TED B. LYON, JR.**
**BILL ZOOK\***
**RICHARD MANN**
**CHARLES A. BENNETT**
\*Board Certified in
 Personal Injury and Civil Trial Law-
 Texas Board of Legal Specialization

**MARQUETTE WOLF°**
**BEN TAYLOR†**
**JOSH BIRMINGHAM**
°Licensed in Texas, Oklahoma & Mississippi
†Board Certified in
 Civil Appellate Law -
 Texas Board of Legal Specialization

July 11, 2016

District Clerk
Kaufman County Courthouse, 2nd floor
100 W. Mulberry
Kaufman, Texas  75142

      Re:    Cause No. 95581-CC; *David Austin and Mary June Austin v. Swift Transportation Co. of Arizona, LLC, et al and Morgan Harris, Ind. and as Admin. and a/n/f of J___ and J___ H___, Minor Children*; In the District/County Court of Kaufman County, Texas.

Dear Clerk:

    Please find attached the Order for Dismissal Without Prejudice as to Defendant Johnny Harold Harris, Jr. only.  Please submit the Order to the Judge for his review.  Upon approval and signature, please email or mail a copy of the conformed Order to our office.

    Thank you for your courtesy and attention to this matter.  Do not hesitate to call me should you have any questions or concerns.  Thank you.

        With kind regards,

        **TED B. LYON & ASSOCIATES, PC**

        *Linda Kinkaid*

        Linda Kinkaid, Paralegal

/lk
Attachment

cc:  All Counsel of Record

THE STATE OF TEXAS
COUNTY OF KAUFMAN
I Rhonda Hughey, District Clerk of Kaufman
County, Texas do hereby certify this is a true and
correct copy filed in the records of the Kaufman
County District Clerk's Office. Given under my
hand and seal of said office on this 21st day
of APRIL 2017.
RHONDA HUGHEY, DISTRICT CLERK
Kaufman County, Texas

By: _____ DEPUTY




Filed: 7/11/2016 3:51:22 PM
Rhonda Hughey,
District Clerk
Kaufman County, Texas

Denice Wade

CAUSE NO. 95581-CC

| | | |
|---|---|---|
| DAVID AUSTIN and MARY JUNE AUSTIN, | § | IN THE COUNTY |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | |
| | § | |
| SWIFT TRANSPORTATION CO. OF | § | COURT AT LAW OF |
| ARIZONA, LLC, CASEY A. BARTLETT, | § | |
| and JOHNNY HAROLD HARRIS, JR. | § | |
| *Defendants.* | § | |
| And | § | |
| | § | |
| MORGAN HARRIS, Ind. and as Administratrix | § | |
| of the Estate of Kimberly Renee Harris and a/n/f | § | |
| of J███ H███ and J███ H███, Minor Children | § | |
| *Intervenor.* | § | KAUFMAN COUNTY, TEXAS |

**ORDER FOR DISMISSAL**
**Without Prejudice**

On this day the Court considered the Motion for Dismissal filed by Plaintiffs of DEFENDANT

JOHNNY HAROLD HARRIS, JR **ONLY**, without prejudice to the filing of same, and after

considering the evidence and arguments of counsel, finds that the Motion should be **GRANTED**.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Dismissal of Defendant Johnny

Harold Harris, Jr. ONLY is **GRANTED WITHOUT PREJUDICE**.

Signed on this the ___13___ day of _____July_____, 2016.

_____
JUDGE PRESIDING

Approved By:

_____
TED B. LYON, JR.

**THE STATE OF TEXAS**
**COUNTY OF KAUFMAN**
I Rhonda Hughey, District Clerk of Kaufman
County, Texas do hereby certify this is a true and
correct copy filed in the records of the Kaufman
County District Clerk's Office. Given under my
hand and seal of said office on this 21st day
of _____April_____ 2017.
RHONDA HUGHEY, DISTRICT CLERK
Kaufman County, Texas
By: _____ DEPUTY

ORDER OF DISMISSAL as to Johnny Harold Harris, Jr. ONLY– Page 1

# Rhonda Hughey
## District Clerk



Kaufman County

July 13, 2016

County Courthouse
100 W. Mulberry St.
Kaufman, Texas 75142
**972-932-0279**

## NOTICE OF COURT ORDER
**TRCP 306(a) & 239 (a)**
**Family Code 6.710**

**Casey Adam Bartlett**
**23905 Flora Parke Blvd**
**N/A**
**Fernandina FL  32034**

Re: **Case No.  95581-CC**
**David Austin, Mary Austin  Vs. Casey Bartlett, Swift Transportation Co., LLC, et al**

Dear Sir/Madam:

YOU ARE HEREBY NOTIFIED that the document described below was filed with the Clerk of the District Court at 100 West Mulberry St., Kaufman County Courthouse in Kaufman, Texas and entered into the minutes of the court.

Document: **Order for Dismissal Without Prejudice, as to Johnny Harold Harris Jr. Only**
Date Signed: **July 13, 2016**
Date Filed: **July 13, 2016**

This order may be subject to appeal. A copy of the order may be obtained from the clerk's office at the address above. Fees for copies are $1.00 per page for certified copies.

You should consult your attorney if you have any questions concerning the above document or this notice.

Sincerely yours,

Rhonda Hughey
District Clerk

THE STATE OF TEXAS
COUNTY OF KAUFMAN
I Rhonda Hughey, District Clerk of Kaufman County, Texas do hereby certify this is a true and correct copy filed in the records of the Kaufman County District Clerk's Office. Given under my hand and seal of said office on this 21ˢᵗ day of ___April___, _2017_.
RHONDA HUGHEY, DISTRICT CLERK
Kaufman County, Texas

By: _____ DEPUTY

# Rhonda Hughey
## District Clerk



Kaufman County

July 13, 2016

County Courthouse
100 W. Mulberry St.
Kaufman, Texas 75142
**972-932-0279**

## NOTICE OF COURT ORDER
### TRCP 306(a) & 239 (a)
### Family Code 6.710

**Swift Transportation Co., LLC**
**1999 Bryan St #900**
**r/A National Registered Agents**
**Dallas TX  75201**

Re: **Case No.  95581-CC**
**David Austin, Mary Austin  Vs. Casey Bartlett, Swift Transportation Co., LLC, et al**

Dear Sir/Madam:

YOU ARE HEREBY NOTIFIED that the document described below was filed with the Clerk of the District Court at 100 West Mulberry St., Kaufman County Courthouse in Kaufman, Texas and entered into the minutes of the court.

Document: **Order for Dismissal Without Prejudice, as to Johnny Harold Harris Jr. Only**
Date Signed: **July 13, 2016**
Date Filed: **July 13, 2016**

This order may be subject to appeal. A copy of the order may be obtained from the clerk's office at the address above. Fees for copies are $1.00 per page for certified copies.

You should consult your attorney if you have any questions concerning the above document or this notice.

THE STATE OF TEXAS
COUNTY OF KAUFMAN
I Rhonda Hughey, District Clerk of Kaufman County, Texas do hereby certify this is a true and correct copy filed in the records of the Kaufman County District Clerk's Office. Given under my hand and seal of said office on this _21st_ day of ___April_____ _2017____.
RHONDA HUGHEY, DISTRICT CLERK
Kaufman County, Texas

By: _____ DEPUTY

Sincerely yours,

*Rhonda Hughey*
Rhonda Hughey
District Clerk

# Rhonda Hughey
### District Clerk



Kaufman County

County Courthouse
100 W. Mulberry St.
Kaufman, Texas 75142
**972-932-0279**

July 13, 2016

## NOTICE OF COURT ORDER
### TRCP 306(a) & 239 (a)
### Family Code 6.710

**Johnny Harold Harris, Jr.**
**2109 Northridge**
**Forney TX  75126**

Re:  **Case No.  95581-CC**
     **David Austin, Mary Austin  Vs. Casey Bartlett, Swift Transportation Co., LLC, et al**

Dear Sir/Madam:

YOU ARE HEREBY NOTIFIED that the document described below was filed with the Clerk of the District Court at 100 West Mulberry St., Kaufman County Courthouse in Kaufman, Texas and entered into the minutes of the court.

   Document: **Order for Dismissal Without Prejudice, as to Johnny Harold Harris Jr. Only**
   Date Signed: **July 13, 2016**
   Date Filed: **July 13, 2016**

This order may be subject to appeal. A copy of the order may be obtained from the clerk's office at the address above. Fees for copies are $1.00 per page for certified copies.

You should consult your attorney if you have any questions concerning the above document or this notice.

Sincerely yours,

*Rhonda Hughey*
Rhonda Hughey
District Clerk

THE STATE OF TEXAS
COUNTY OF KAUFMAN

I Rhonda Hughey, District Clerk of Kaufman County, Texas do hereby certify this is a true and correct copy filed in the records of the Kaufman County District Clerk's Office. Given under my hand and seal of said office on this 21st day of_____April_____, 2017_____.
RHONDA HUGHEY, DISTRICT CLERK
Kaufman County, Texas

By:_____DEPUTY

# Rhonda Hughey
### District Clerk



Kaufman County

County Courthouse
100 W. Mulberry St.
Kaufman, Texas 75142
**972-932-0279**

July 13, 2016

## NOTICE OF COURT ORDER
### TRCP 306(a) & 239 (a)
### Family Code 6.710

**Ted Lyon**
**Town East Tower Suite 525**
**18601 LBJ Freeway**
**Mesquite Texas  75150**

Re: **Case No.  95581-CC**
     **David Austin, Mary Austin  Vs. Casey Bartlett, Swift Transportation Co., LLC, et al**

Dear Sir/Madam:

YOU ARE HEREBY NOTIFIED that the document described below was filed with the Clerk of the District Court at 100 West Mulberry St., Kaufman County Courthouse in Kaufman, Texas and entered into the minutes of the court.

     Document: **Order for Dismissal Without Prejudice, as to Johnny Harold Harris Jr.**
**Only**
     Date Signed: **July 13, 2016**
     Date Filed: **July 13, 2016**

This order may be subject to appeal. A copy of the order may be obtained from the clerk's office at the address above. Fees for copies are $1.00 per page for certified copies.

You should consult your attorney if you have any questions concerning the above document or this notice.

THE STATE OF TEXAS
COUNTY OF KAUFMAN
I Rhonda Hughey, District Clerk of Kaufman County, Texas do hereby certify this is a true and correct copy filed in the records of the Kaufman County District Clerk's Office. Given under my hand and seal of said office on this 21st day of _____ April _____ , 201__.
RHONDA HUGHEY, DISTRICT CLERK
Kaufman County, Texas
By: _____ DEPUTY

Sincerely yours,

Rhonda Hughey
District Clerk

# Rhonda Hughey
### District Clerk



Kaufman County

County Courthouse
100 W. Mulberry St.
Kaufman, Texas 75142
**972-932-0279**

July 13, 2016

## <u>NOTICE OF COURT ORDER</u>
### TRCP 306(a) & 239 (a)
### Family Code 6.710

**Houston M. Smith**
**Law Offices of Houston M Smith PC**
**210 East Moore Avenue**
**Terrell Texas 75160**

Re:  **Case No.  95581-CC**
　　　**David Austin, Mary Austin  Vs. Casey Bartlett, Swift Transportation Co., LLC, et al**

Dear Sir/Madam:

YOU ARE HEREBY NOTIFIED that the document described below was filed with the Clerk of the District Court at 100 West Mulberry St., Kaufman County Courthouse in Kaufman, Texas and entered into the minutes of the court.

　　　Document: **Order for Dismissal Without Prejudice, as to Johnny Harold Harris Jr. Only**
　　　Date Signed: **July 13, 2016**
　　　Date Filed: **July 13, 2016**

This order may be subject to appeal. A copy of the order may be obtained from the clerk's office at the address above. Fees for copies are $1.00 per page for certified copies.

You should consult your attorney if you have any questions concerning the above document or this notice.

THE STATE OF TEXAS
COUNTY OF KAUFMAN
I Rhonda Hughey, District Clerk of Kaufman County, Texas do hereby certify this is a true and correct copy filed in the records of the Kaufman County District Clerk's Office. Given under my hand and seal of said office on this ___ day of _____, _____.
RHONDA HUGHEY, DISTRICT CLERK
Kaufman County, Texas
By: _____ DEPUTY

Sincerely yours,

Rhonda Hughey
District Clerk

Filed: 7/12/2016 10:49 AM
Rhonda Hughey,
District Clerk
Kaufman County, Texas
Michelle Lopez

# LAW OFFICES OF
# HOUSTON M. SMITH, P.C.

| | |
|---|---|
| 210 EAST MOORE | P. O. BOX 570678 |
| TERRELL, TEXAS 75160 | DALLAS, TEXAS 75357-0678 |
| Telephone (972) 524-1903 | Facsimile (972) 524-1992 |
| hms@houstonMsmith.com | |

July 12, 2016

**Via E-file**
Ms. Rhonda Hughey
Kaufman County District Clerk
Kaufman County Courthouse
100 W. Mulberry St.
Kaufman, Texas 75142

    **Re:**    **Cause No. 95581-CC, David Austin and Mary June Austin vs. Swift Transportation Co. of Arizona, LLC, Casey A. Bartlett and Johnny Harold Harris, Jr., pending in the Kaufman County Court at Law**

Dear Ms. Hughey;

    Please issue the following citation related to our Original Plea in Intervention and return to our office via e-serve:

        Defendant, Johnny Harold Harris, Jr.
        2109 Northridge Dr.
        Forney, Texas 75126
        or anyplace he may be found

    If I can be of any additional assistance, please feel free to contact me.

                Sincerely,

                Cathy J. Adams
                Litigation Paralegal

CJA/
Enclosure

cc: **Via E-serve**
    Mr. Ted Lyon
    Ted Lyon and Associates
    18601 LBJ Freeway
    Mesquite, Texas 75150

THE STATE OF TEXAS
COUNTY OF KAUFMAN

I Rhonda Hughey, District Clerk of Kaufman County, Texas do hereby certify this is a true and correct copy filed in the records of the Kaufman County District Clerk's Office. Given under my hand and seal of said office on this 21st day of April, 2017.
RHONDA HUGHEY, DISTRICT CLERK
Kaufman County, Texas
By: _____ DEPUTY



Filed: 7/15/2016 10:26:30 AM
Rhonda Hughey,
District Clerk
Kaufman County, Texas

Susan Cook Mendoza

CAUSE NO. 95581-CC

| | | |
|---|---|---|
| DAVID AUSTIN AND MARY JUNE AUSTIN | § | IN THE COUNTY COURT |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, | § | |
| CASEY A. BARTLETT, | § | AT LAW |
| AND JOHNNY HARRIS, JR. | § | |
| Defendants | § | |
| | § | |
| and | § | |
| | § | |
| MORGAN HARRIS, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF KIMBERLY RENEE HARRIS AND AS NEXT FRIEND OF J███ H█████ AND J██████ H████, MINOR CHILDREN | § | |
| Intervenor | § | KAUFMAN COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER

### TO THE HONORABLE JUDGE OF SAID COURT:

Johnny Harris, Jr., Defendant in the above-entitled and numbered cause, makes, files and serves this Original Answer to Plaintiffs' Original Petition and any petition filed thereafter, and respectfully shows the Court the following:

### I.

**1.01** Defendant generally denies each and every, all and singularly, the allegations set forth in Plaintiffs' Original Petition and any Petition filed thereafter, and demands strict proof thereof upon trial of this case.

**1** | DEFENDANT'S ORIGINAL ANSWER



**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that Plaintiffs, and all other claiming parties, take nothing from this Defendant by this action and/or that Plaintiffs' actions or recoveries be affected as pled herein by operation of law and for such other and further relief to which he may show himself justly entitled.

Respectfully submitted,

*/s/ Kimberly J. Munson*

Kimberly J. Munson
State Bar No.:  00789613

THE LAW OFFICES OF KIMBERLY J. MUNSON, PLLC
1024 S. Greenville Ave., Suite 120
Allen, Texas  75002
214.383.3150 Phone
214.383.3250 Fax
kmunson@kjmunson.com
**ATTORNEY FOR DEFENDANT**

